## LEONARD v. AETNA LIFE INS. CO.

### No. 12235.

Court of Civil Appeals of Texas. Dallas.
May 29, 1937.

Rehearing Denied July 3, 1937.

Ralph. C. Watson and Esir Tobolowsky, both of Dallas, for appellant.

Lawther & Cramer and Burt Barr, all of Dallas, for appellee.

BOND, Justice.

This is an appeal from a judgment of the trial court, resulting from a peremptory instruction to the jury to return a verdict against appellant, who was the plaintiff in the court below, and in favor of the appellee, who was the defendant. The action of the court was based on the failure of plaintiff to make proof of loss within the time provided by a policy of insurance, the basis of this suit, and the failure of plaintiff to plead and prove some excuse for not making such proof of loss as to bring the issue under the rule of waiver or estoppel; and, further, on the failure of plaintiff to prove that the disability from which he suffered came under the terms of the policy.

The policy on which the suit is predicated is one that is known as "group insurance," and, in substance, provides that the insured (the employer of the plaintiff) within three months from the date of disability of any of its employees, shall make out and present to the Insurance Company proof of disability of sickness · or non-occupational, accidental bodily injury resulting to an employee which prevents him from performing any and every duty pertaining to the employee's occupation. The indemnity is determinable in accordance with the terms and conditions of the policy, thus this provision of the conditions on which liability hinges, we think, is binding on all parties indemnified by the policy of insurance.

The record in this case shows that no proof of disability, as required by the policy, was ever made, either by the insured or the plaintiff in this case, and there is no excuse shown in pleadings or proof why plaintiff or his employer failed to meet such requirement. It is incumbent upon plaintiff to plead and prove that proof of loss or disability was actually made, or some excuse for not doing so as to preclude the defendant under the rule of waiver or estoppel to urge as a defense such failure. Furthermore, we think, the record shows conclusively that the disability sustained by plaintiff, for which he claims compensation, had its origin in and about the occupational employment of plaintiff, for which he had previously been paid weekly compensation under the Workmen's Compensation Laws of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.), covering the same period of time that he is here seeking sick benefits under the policy of insurance, thus coming under the express exception of the policy. The policy expressly provides that the weekly indemnity provided for is only payable when the sickness or accidental bodily in-

jury does not arise from and in the course of employment. Plaintiff having received compensation for disability arising under the Workmen's Compensation Law, which could only be done for disabilities arising in the course of his employment, and the policy providing that such disabilities are expressly excepted, the plaintiff is in no position to claim that his disabilities here asserted were compensable as non-occupational sickness or injury.

We have carefully considered, in the light of appellant's contentions, the entire record in this case and have reviewed the authorities presented; and have reached the conclusion that there was no error in the action of the trial court in peremptorily instructing the jury for defendant and rendering judgment accordingly. The judgment is affirmed.